## Maud Eacutt, Appellee, v. Isaac Eacutt, Appellant.

### Gen. No. 21,281. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

### Statement of the Case.

Bill for divorce by Maud Eacutt, complainant, against Isaac Eacutt, defendant, alleging extreme and repeated cruelty and praying for divorce and alimony. The defendant was personally served, did not appear, and an order of default was entered for failure to appear July 8, 1914. July 22nd the cause was heard and a decree of divorce entered and an order that defendant pay complainant $75 per month alimony. July 31st defendant filed his motion to vacate the decree, set aside the default of defendant and give him leave to answer. The hearing of the motion was continued, and February 15, 1915, the motion was denied, and from that order this appeal is prosecuted.

In his affidavit in support of his motion defendant stated that the decree of divorce was entered during his absence from the State. On the hearing of the motion it was admitted that at the time of the hearing of the bill for divorce, defendant was in the court house and spoke to the witnesses. The ground on which defendant asked the court to vacate the decree of divorce was that complainant had been guilty of adultery during the marriage.

CHARLES R. NAPIER and ELLIOTT R. GOLDSMITH, for appellant.

BRUNDAGE, LANDON & HOLT, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 539*—*when decree not vacated to set up in defense matter not set up in answer.* A decree will not be vacated to permit defendant to set up a defense to the bill in a matter not set up by answer.

2. EQUITY, § 539*—*when decree not vacated on ground of newly-discovered evidence.* Where the affidavits filed in support of a motion to vacate a decree on the ground of newly-discovered evidence fail to show that the defendant could not have discovered the testimony in time for the hearing by the use of reasonable diligence, the motion is properly denied.

---

Lottie E. Fish, Appellee, v. William H. Fish, Appellant.

Gen. No. 21,295.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

## Statement of the Case.

Appeal by the defendant, William H. Fish, from a decretal order entered November 21, 1914, adjudging him guilty of contempt in failing to pay to complainant $228, the amount of alimony decreed to her July 10, 1910, at the rate of $12 per month from March, 1913. By a former order entered October 10, 1913, defendant was adjudged guilty of contempt in failing to pay the alimony decreed to complainant up to and including March, 1913. From that order he prosecuted a writ

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.